UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASZLO G. PETERFAI, an individual; SARAH JANE PETERFAI, an individual, and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>USA LOGISTICS INC., DBA USA MOVERS, a California Corporation; TOP MOVING SPECIALISTS INC. DBA HERCULES MOVING SOLUTIONS, a Florida Corporation; RADO EXPRESS LOGISTICS, INC., an Illinois Corporation; ACKERMANN EXPRESS LLC, an Arizona Limited Liability Company; MONOPOLY MOVING LLC, a Texas Corporation; GAL ROBI JEDDAE, an individual; TRAVIS ACKERMANN, an individual; RAFAEL OHANESYAN, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-01695-WQH-GC<br><br>**ORDER** |

HAYES, Judge:

On September 14, 2023, plaintiffs Laszlo G. Peterfai and Sarah Jane Peterfai (collectively, "Plaintiffs") filed a Complaint against defendants USA Logistics Inc.,

dba USA Movers, Top Moving Specialists Inc. dba Hercules Moving Solutions, Rado Express Logistics, Inc., Ackermann Express LLC, Monopoly Moving LLC, Gal Robi Jeddae, Travis Ackermann, Rafael Ohanesyan, and DOES 1 through 25. (ECF No. 1.)

On October 9, 2026, Thomas S. Carter filed a Motion to Withdraw as Counsel for defendants Travis Ackermann, Ackermann Express, LLC, and Monopoly Moving, LLC (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 78(b), Local Civil Rules 7.1(d)(1) and 83.3, and California Rule of Professional Conduct 1.16. (ECF No. 45.)

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Urias v. Labcorp Peri-Approval & Commercialization Inc.*, No. 23-CV-1815 JLS (MSB), 2023 WL 8845384, at *1 (S.D. Cal. Dec. 21, 2023) (citation omitted); *see also United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). In evaluating a motion to withdraw, courts consider: (1) the reasons for withdrawal; (2) the potential prejudice to other litigants; (3) the "harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citation omitted).

Here, good cause for withdrawal exists because Defendants have "failed to remit payment" for balances owed throughout September 2026 in response to defense counsel's requests for payment per the engagement agreement between the parties. (ECF No. 45-2 at ¶ 3–4.) As such, defense counsel claims this "makes ongoing legal representation impossible." *Id.*; *see Indymac Fed. Bank, F.S.B. v. McComic*, 2010 WL 2000013, at *1 (S.D. Cal. May 18, 2010) (noting "[f]ailure to pay attorney's fees can be a valid ground for withdrawal"); *Leatt Corp.*, 2010 WL 444708 at *2 (same).

The Court finds limited risk of prejudice to the litigants. The Defendants have been on notice of defense counsel's intent to withdraw since on or around September 8, 2026, when defense counsel emailed Defendants requesting that Defendants sign

substitution of attorneys' forms. (ECF No. 45-2 at ¶ 3.) Defense counsel also notified Plaintiffs' counsel of the instant withdrawal of counsel. *Id*. at ¶ 5. Moreover, the Court finds only limited risk of delay or harm to the administration of justice because the litigation is in a "relatively nascent stage" of fact discovery with no hearings currently set. *See Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, 2019 WL 3068232, at *2 (S.D. Cal. July 12, 2019) (noting "there is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage.")

Corporations and other legal entities, however, "may appear in court only through an attorney." Civ. L.R. 83.3(j); *In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam). Here, defense counsel reports that he "emailed Defendants regarding [the failure to remit payment] and requested that Defendants sign substitution of attorneys' forms" on or about September 8, 2026. (ECF No. 45-2 at ¶ 3.) On or about the same date, defense counsel "informed Defendants that the corporate entities would need to obtain legal counsel because the corporate entities could not be unrepresented" in court. *Id.* Given the LLC defendants have had over a month since receiving notice of defense counsel's intent to withdraw to seek new counsel, defense counsel's withdrawal should not prejudice the LLC defendants. *Id*.; *see Indymac*, 2010 WL 2000013 at *2 (granting withdrawal contingent on corporate defendants securing counsel within 30 days when one month passed since receiving notice of intent to withdraw).

IT IS HEREBY ORDERED that Thomas S. Carter's Motion to Withdraw as Counsel for Defendants Travis Ackermann, Ackermann Express, LLC, and Monopoly Moving, LLC is granted pursuant to the following conditions. (ECF No. 45.)

IT IS FURTHER ORDERED that Thomas S. Carter will be withdrawn upon the proper filing of proof of service as required by this Order. No later than seven (7) days from the entry of this Order, Thomas S. Carter shall file a certificate of proof of service

with this Court indicating that he has served all Defendants with a copy of this Order. This certificate of proof of service must include the last known address of each of the Defendants.

IT IS FURTHER ORDERED that Defendant Travis Ackermann shall have twenty-one (21) days from the date of this Order to retain new counsel, and for such counsel to file a notice of appearance. If no notice of appearance is filed within that time, the Court will deem Defendant Travis Ackermann as proceeding *pro se*. "A party proceeding pro se must keep the Court and opposing parties advised as to current address." S.D. Cal. Civ. L.R. 83.11(b). "Failure to comply [ ] may be ground[s] for dismissal …." S.D. Cal. Civ. L.R. 83.11(a).

IT IS FURTHER ORDERED that Defendants Ackermann Express, LLC and Monopoly Moving, LLC shall have thirty (30) days from the date of this Order to retain new counsel, and for such counsel to file a notice of appearance. Failure by the LLC defendants to obtain counsel by this deadline may result in the entry of default and, ultimately, in default judgment against the LLC defendants.

Dated: 10/20/2026

William Q. Hayes
Hon. William Q. Hayes
United States District Court